IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY DEON SHARPS, #320173 *
Petitioner,
v. * CIVIL ACTION NO. DKC-15-874

WARDEN *
Respondent.

*****

**MEMORANDUM OPINION**

On March 25, 2015, this court-construed 28 U.S.C. § 2241 letter Petition for habeas corpus was received for filing from Gregory Deon Sharps ("Sharps"), an inmate formerly housed at the Maryland Reception, Diagnostic and Classification Center ("MRDCC") in Baltimore. The action, which sought release from confinement, challenged Sharps' January 15, 2015 parole re-take warrant and his continuing detention without a parole revocation hearing. ECF No. 1. Respondent filed a Motion to Dismiss as a court-ordered response. ECF No. 9. The Motion remains unopposed as of the within signature date.[1]

The record shows that on April 17, 2015, Sharps was released from custody and continued on mandatory supervision after a Maryland Parole Commission hearing decided to administratively close his mandatory parole release violation. *Id.*, Exs. 1 & 2. Sharps has not provided the court notice of his current address.

Sharps has been released from Division of Corrections ("DOC") confinement. Therefore, his habeas petition has been rendered moot as he has received the sought after relief. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the

[1] On May 16, 2015, court Order, mailed to Sharps at MRDCC on May 1, 2015, was returned to the court as undeliverable "Return to Sender Attempted –Not Known Unable to Forward." ECF No. 11.

Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the complainant 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). Sharps' release from DOC custody[2] moots this action, as there is no habeas relief for the court to grant. *See Belasco v. Warden*, 156 Fed. Appx. 671, **1 (5th Cir. 2005); *see also Spencer*, 523 U.S. at 13-14 (habeas petitioners that are no longer in custody must demonstrate a concrete and continuing injury that is a collateral consequence of detention).

Respondent's Motion to Dismiss shall be granted. This Petition shall be dismissed. The court declines to issue a certificate of appealability. A separate Order follows.

Date: June 1, 2015

/s/
DEBORAH K. CHASANOW
United States District Judge

---

2 The DOC Office of Data Processing confirms that Sharps was released from confinement in April of 2015.